UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Rohit Shirole, | ) | Court File No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Compute North Holdings, Inc. and Compute | ) | |
| North LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Compute North Holdings, Inc. and Compute North LLC hereby give notice of the removal of this action from the Fourth Judicial District, Hennepin County, Minnesota, Court File No. 27-cv-22-2274, where it is now pending, to the United States District Court for the District of Minnesota.  In support of this Notice of Removal, Defendants further state:

1.    The present civil action was commenced by Plaintiff against Defendants in the Fourth Judicial District, Hennepin County, Minnesota, through service of process completed upon Defendants on December 20, 2021.  A copy of the Summons and Complaint is attached as Exhibit A.

2.    The Complaint alleged seven causes of action, including for: (I) Discrimination on Basis of Race Minn. Stat. § 363A.08 and Title VII of the Civil Rights Acts of 1964 and 1991 (42 U.S.C. § 2000e, *et seq.*),  (II) Reprisal/Retaliation Prohibited by Minn. Stat. § 363A.15 and 42 U.S.C. § 2000e-e, (III) Failure to Pay Wages Promptly

Minn. Stat. Chap. 181, (IV) Wrongful Termination, (V) Minn. Stat. § 181.932 Retaliation in Violation of the Minnesota Whistleblower Act, (VI) Breach of Contract, and (VII) Unjust Enrichment. A true and correct copy of the Complaint is attached as Exhibit A.

3.      On or about January 17, 2022, Plaintiff served his Amended Complaint. The Amended Complaint removed all reference to Title VII and alleged causes of action exclusively under Minnesota law, including: (I) Discrimination on Basis of Race in Violation of Minn. Stat. § 363A.08, (II) Reprisal/Retaliation Prohibited by Minn. Stat. § 363A.15, (III) Failure to Pay Wages Promptly Minn. Stat. Chap. 181, (IV) Wrongful Termination, (V) Minn. Stat. § 181.932 Retaliation in Violation of the Minnesota Whistleblower Act, (VI) Breach of Contract, and (VII) Unjust Enrichment. A true and correct copy of the Amended Complaint is attached as Exhibit B. The matter was filed on February 23, 2022.

4.      On January 31, 2022, Defendants served an Answer to the Amended Complaint and Counterclaims. A true and correct copy of the Answer is attached as Exhibit C.

5.      On July 22, 2022, the Hennepin County court issued an order staying the proceedings pending mediation pursuant to a joint request.

6.      On September 22, 2022, Defendants and related entities filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Court File No. 22-90273 (hereinafter the "Bankruptcy Case"). The case was automatically stayed by order of the court in the Bankruptcy Case and put on the inactive docket. In the Bankruptcy Case, Plaintiff and Defendants entered into an Agreed Order granting Plaintiff's Motion for

Relief from Automatic Stay, effective and entered by the court in the Bankruptcy Case on February 6, 2023 (the "Agreed Order"). A true and correct copy of the Agreed order is attached as Exhibit D.

7.      On February 13, 2023, the EEOC issued a right to sue letter.

8.      On or about June 30, 2023, the parties stipulated to allow for Plaintiff to amend his complaint. Plaintiff served his Second Amended Complaint upon Defendants on July 5, 2023. A true and correct copy of the Second Amended Complaint is attached Exhibit E.

9.      In his Second Amended Complaint Plaintiff re-asserted federal claims against Defendants, including for: (I) Discrimination on the Basis of Race under Title VII of the Civil Rights Acts of 1964 and 1991 (42 U.S.C. § 2000e, *et seq.*), and (II) Reprisal/Retaliation Prohibited by 42 U.S.C. § 2000e-3.

10.      In addition the Second Amended Complaint asserts claims for (I) Racial Discrimination under Minnesota law, (II) Reprisal/Retaliation under Minnesota law, (III) Failure to Pay Wages Promptly Minn. Stat. Ch. 181, (IV) Wrongful Termination, (V) Minn. Stat. § 181.932, Retaliation in Violation of the Minnesota Whistleblower Act, (VI) Breach of Contract, and (VII) Unjust Enrichment.  A true and correct copy of the Second Amended Complaint is attached as Exhibit E.

11.      Specifically, Plaintiff alleges: Defendants originally employed Plaintiff as Vice President of Sales and Development; on or about March 27, 2021, Defendants changed Plaintiff's title to that of Vice President of Strategy and Business Development, at which point Plaintiff and Defendants signed a 2021 Sale Commission Plan (the

-3-

"Commission Plan") pursuant to which Plaintiff was to be compensated by commissions on sales made for colocation services, logistics sales, customer funded capital expenditures and collocated equipment sales; Plaintiff was not compensated in accordance with the Commission Plan; Plaintiff raised to Defendants' Chief Operating Officer, that his commissions had not been properly calculated or paid; the commission were not paid; Plaintiff observed that he was treated differently than other similarly situated white employees; Plaintiff raised concerns regarding Defendants' purported use of racial demographics in determining the site for future company expansion; Plaintiff planned to attend a conference in Dubai but was told not to attend by Defendants; Plaintiff nevertheless attended the conference in Dubai; Plaintiff was eventually terminated for cause for, among other reasons, attending the conference in Dubai; and Defendants' purported basis to terminate Plaintiff is a pretext for Defendants' retaliatory animus. These facts give rise to Plaintiff's claims for racial discrimination, reprisal/retaliation, failure to pay wages, wrongful termination, violation of the Minnesota Whistleblower Act, breach of contract, and unjust enrichment. (Compl. ¶¶ 129–146, 147–156, 157–161, 162–170, 171–177, 178–183, 184–186.)

12.     This Court has original jurisdiction under 28 U.S.C. § 1331 because it presents a federal question pursuant to Title VII. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (noting that Title VII "fit[s] within the Judicial Code's grant of subject-matter jurisdiction to federal courts over actions 'arising under' federal law" and that Title VII's own jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3), also "empowers federal courts to adjudicate civil actions" brought under Title VII).

13.     In addition, this Court has supplemental jurisdiction over each of the claims Plaintiff asserts under Minnesota law pursuant to 28 U.S.C. § 1367, as those claims arise from part of the same case or controversy as the Title VII claims.

14.     This action is removable to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1441, which provides that any civil action brought in a state court for which the district courts of the United States have original jurisdiction may be removed by Defendant to the district court for the United States for the district and division embracing the place where the action is pending.

15.     28 U.S.C. § 1446(b)(3) provides that a notice of removal may be filed within 30 days after receipt by the defendant of a copy of the amended pleading from which it may first be ascertained that the case is one which is or has become removable. This Notice of Removal is timely filed within 30 days after Defendant first received a copy of the amended pleading from which it may first be ascertained that the case is one which is or has become removable. Plaintiff amended the initial Complaint as a matter of course, removing any basis from which the Defendants could remove the case. Thus, the Second Amended Complaint, which re-alleges violations of federal law, represents the first pleading from which it may be ascertained that the case is one which is or has become removable.

16.     Pursuant to 28 U.S.C. § 1446(b), the state court action may be removed to this Federal District Court, being a United States District Court for the District of Minnesota, which embraces Hennepin County, Minnesota, within its jurisdiction.

17.    In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this removal notice to all parties in the state court action, and will be electronically filed with the Fourth Judicial District, Hennepin County, Minnesota, following the filing of this notice.

18.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit F to this Notice of Removal a copy of all pleadings, process, and other orders served upon it in the state court action to date. No other process, pleadings, or orders have been served on Defendants.

19.    Defendants file herewith a Civil Cover Sheet and paid the required filing fee.

20.    Defendants have a good and sufficient defense to this action.

WHEREFORE, Defendants give notice and respectfully remove the above-entitled action from the Fourth Judicial District, Hennepin County, Minnesota to the United States District Court for the District of Minnesota, and expressly preserves all available defenses.

Dated:  July 19, 2023.

**HINSHAW & CULBERTSON LLP**

By: *s/Mark T. Berhow*
Mark T. Berhow, Reg. No. 031450X
Jessica P. Hutchinson, Reg. No. 0403616
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Facsimile: 612-334-8888
mberhow@hinshawlaw.com
jhutchinson@hinshawlaw.com

*Attorneys for Defendants*